UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBRA T.,

                    Plaintiff,

v.                                                          8:16-CV-0157
                                                            (TWD)
COMM'R OF SOC. SEC.,

                    Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

SCHNEIDER & PALCSIK                              MARK A. SCHNEIDER, ESQ.
  Counsel for Plaintiff
57 Court Street
Plattsburgh, NY 12901

U.S. SOCIAL SECURITY ADMIN.                     PADMA GHATAGE, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza - Room 3904
New York, NY 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## <u>DECISION and ORDER</u>

        Currently before the Court, in this Social Security action filed by Debra T. ("Plaintiff")

against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to

42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's motion for judgment on the pleadings and

Defendant's motion for judgment on the pleadings.  (Dkt. Nos. 29 and 30.)  For the reasons set

forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion

for judgment on the pleadings is granted.  The Commissioner's decision denying Plaintiff's

disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I.    RELEVANT BACKGROUND

### A.    Factual Background

Plaintiff was born in 1971, making her 41 years old at the alleged onset date and 46 years old at the date of the ALJ's December 2017 decision.  Plaintiff completed two years of college and training as a florist.  She has previous work as a cashier and florist.  At the initial application level, Plaintiff alleged disability due to diabetes and plantar fasciitis.

### B.    Procedural History

Plaintiff applied for a period of disability and disability insurance benefits as well as Supplemental Security Income on April 2, 2013, alleging disability beginning November 20, 2012.  Her applications were initially denied on May 30, 2013, after which she timely requested a hearing before an Administrative Law Judge ("ALJ").  She appeared at an administrative hearing before ALJ Arthur Patane on June 30, 2014.  (T. 34-54, 663-83.) [1]  On September 26, 2014, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  (T. 17-33.)  On January 21, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (T. 1-7, 638-42.)

Plaintiff filed a Complaint in the United States District Court for the Northern District of New York on February 11, 2016.  (Dkt. No. 1.)  On September 23, 2016, this Court ordered remand for further administrative proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g) upon stipulation of the parties.  (T. 643-50, 687-91; Dkt. Nos. 17, 18, 19, 20.)  On January 13, 2017, the Appeals Council remanded the case to the ALJ indicating that upon remand the ALJ

---

[1]    The Administrative Transcript is found at Dkt. No. 24.  Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers assigned by the Court's CM/ECF electronic filing system.  Citations not made to the Administrative Transcript will use the page numbers inserted by the Court's CM/ECF electronic filing system.

would evaluate the opinion of Richard Liotta, Ph.D., and explain the weight given to such opinion evidence, further evaluate Plaintiff's mental impairments, give further consideration to Plaintiff's maximum residual functional capacity ("RFC"), and possibly obtain evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on Plaintiff's occupational base.[2]  (T. 651-62.)  Plaintiff appeared at an administrative hearing before ALJ Patane on October 2, 2017.  (T. 580-620.)  On December 28, 2017, ALJ Patane issued a written decision finding Plaintiff was not disabled under the Social Security Act.  (T. 557-79.)  Plaintiff then filed a new Complaint in the United States District Court for the Northern District of New York on January 5, 2018, and this Court ordered the cases consolidated under the lead case number of 8:16-CV-0157.  (Dkt. No. 23.)

## C.    The ALJ's December 2017 Decision

The ALJ made the following findings of fact and conclusions of law.  (T. 563-72.) Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and has not engaged in substantial gainful activity since November 20, 2012, the alleged onset date.  (T. 563.)  Her lumbar degenerative disc disease ("DDD"), diabetes, left foot plantar fasciitis, obesity, depressive disorder, and anxiety disorder are severe impairments.  (*Id.*) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"), including Listings 12.04 (depressive, bipolar and related disorders) and 12.06 (anxiety and obsessive-compulsive disorders).  (T. 563-65.)  She has the RFC to perform sedentary work except she "[c]an perform low stress work which is simple, routine, and low stress, which is

---

[2]     The Appeals Council also indicated that the ALJ would consolidate the claim files including Plaintiff's subsequent claims for Title II and Title XVI disability benefits filed on February 2, 2016.  (T. 654.)

defined as having only occasional decision-making, occasional changes in the work setting, or frequent interaction with supervisors, the public, and co-workers." (T. 565.) Plaintiff is unable to perform any past relevant work, but she is capable of performing jobs existing in significant numbers in the national economy. (T. 571-72.) The ALJ therefore concluded Plaintiff is not disabled.

### D.     The Parties' Briefings on Their Cross-Motions

#### 1.     Plaintiff's Motion for Judgment on the Pleadings[3]

Plaintiff argues she is disabled under Listing 12.06; she also claims disability under Listing 12.07 by reason of her somatoform disorder because she meets the A criteria for somatoform disorders. (Dkt. No. 29 at 30-34.) Plaintiff asserts the ALJ erred at Step Two in not finding she had a severe somatoform disorder. (*Id.* at 34.) The ALJ also erred by giving too much weight to the unsupported opinion of non-examining medical expert Dr. Didio, and not enough weight to the opinions treating sources and examining psychologist Dr. Liotta. (*Id.* at 35-42.) She alleges disability by her combination of mental illness, pain, and obesity, and claims the ALJ erred by not crediting her testimony regarding her mental and physical limitations. (*Id.* at 42-48.) She further argues this Court should remand for payment of benefits because she is disabled as a matter of law and there is no need for another ALJ hearing. (*Id.* at 34, 48-49.) Finally, Plaintiff asserts the ALJ erred by not complying with the remand order of the Appeals Council because the ALJ did not find support for the RFC in the record as a whole and the original ALJ's decision did not contain an evaluation of Dr. Liotta's opinion. (*Id.* at 49.)

---

[3]     Plaintiff submitted a letter motion requesting permission to file a reply brief to address the Court's scope of review. (Dkt. No. 31.) The Court denied Plaintiff's letter motion indicating that the Court is aware of the scope of review and Plaintiff had already filed an oversized brief with permission. (Dkt. No. 32.)

## 2.  Defendant's Motion for Judgment on the Pleadings

In response, Defendant argues the absence of discussion of somatoform disorder at Step Two was harmless error because the ALJ found several other severe impairments including severe mental impairments of depressive and anxiety disorders, and then proceeded through the sequential evaluation by considering all the medical evidence and impairments including those related to Plaintiff's somatic symptoms.  (Dkt. No. 30 at 7.)  Moreover, the ALJ's findings at Step Three are proper because Plaintiff did not meet the paragraph B or C criteria of Listing 12.06 for anxiety and obsessive-compulsive disorders, as supported by Dr. Didio's opinion.  (*Id.* at 7-9.)  Similarly, the ALJ correctly determined Plaintiff's impairments did not meet or equal Listing 12.07 (somatic symptom and related disorder) because that listing requires Plaintiff meet the same paragraph B criteria as required in 12.06.  (*Id.* at 9.)  Since the ALJ properly found Plaintiff did not meet the paragraph B criteria, the ALJ's failure to specifically mention Listing 12.07 is harmless.  (*Id.*)  The ALJ also properly evaluated all of the medical opinion evidence and other medical and non-medical evidence such that the RFC is supported by substantial evidence.  (*Id.* at 9-16.)

Further, the ALJ properly assessed Plaintiff's credibility under the regulatory framework and properly explained the support for his credibility finding which included Plaintiff's activities of daily living.  (*Id.* at 16-18.)  Defendant also argues the RFC assessment was based on a proper evaluation of all of the medical and non-medical evidence in the record and therefore accounted for the combined effects of all of Plaintiff's impairments.  (*Id.* at 18.)  Finally, the Commissioner argues that the ALJ complied with the Appeals Council's Remand Order because he properly considered and assigned weight to Dr. Liotta's opinion and proceeded through the entire sequential analysis, including the Step Five review.  (*Id.* at 19.)  Accordingly, an award of

benefits is not warranted because the ALJ's determination was amply supported by the record evidence and should be affirmed.  (*Id.*)

## II.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by

substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III.    ANALYSIS

### A.    Substantial Evidence Supports the ALJ's Analysis of Plaintiff's Impairments at Step Two and the Listings[4]

#### i.    *The ALJ's Analysis of Plaintiff's Impairments at Step Two*

At Step Two, the ALJ must determine whether the claimant has a severe impairment that significantly limits her physical or mental abilities to do basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  Basic work activities include walking, standing, sitting, lifting, carrying, pushing, pulling, reaching, handling, seeing, hearing, speaking, understanding, remembering and carrying out simple instructions, using judgment, and responding appropriately to supervision, co-workers, and usual work situations.  *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (citing *Gibbs v. Astrue*, 07-CV-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. §§ 404.1521(b)(1)-(5)).  "Although the Second Circuit has held that this step is limited to 'screening out *de minimis* claims,' [] the 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition severe."  *Taylor*, 32 F. Supp. 3d at 265 (quoting *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995); *Coleman v. Shalala*, 895 F. Supp. 50, 53 (S.D.N.Y. 1995)).  Overall, the claimant retains the burden of presenting evidence

---

[4]    As noted by Defendant, the Court has considered the issues herein in accordance with the version of the Listings detailed in the revised Medical Criteria for Evaluating Mental Disorders, as this version is applicable to this Decision and Order because it was issued prior to and in effect at the time of the ALJ's December 2017 decision.  *See* 81 Fed. Reg. 66,138 (Sept. 26, 2016).

to establish severity. *Id.* (citing *Miller v. Comm'r of Soc. Sec.*, 05-CV-1371 (FJS/GJD), 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008)).

This Court has indicated the failure to find a specific impairment severe at Step Two is harmless where the ALJ concludes (a) there is at least one other severe impairment, (b) the ALJ continues with the sequential evaluation, and (c) the ALJ provides explanation showing she adequately considered the evidence related to the impairment that is ultimately found non-severe. *Fuimo v. Colvin*, 948 F. Supp. 2d 260, 269-70 (N.D.N.Y. 2013) (citing *Dillingham v. Astrue*, 09-CV-0236 (GLS/VEB), 2010 WL 3909630 (N.D.N.Y. Aug. 24, 2010), *Report and Recommendation adopted by* 2010 WL 3893906 (N.D.N.Y. Sept. 30, 2010)); *see also Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (finding that any error in failing to find plaintiff's anxiety and panic disorder severe at Step Two would be harmless because the ALJ found other severe impairments present, continued through the sequential evaluation process, and specifically considered plaintiff's anxiety and panic attacks at those subsequent steps).

Here at Step Two, the ALJ found Plaintiff's lumbar DDD, diabetes, left foot plantar fasciitis, obesity, depressive disorder, and anxiety disorder to be severe impairments. (T. 563.) Plaintiff argues the ALJ erred at Step Two in not finding she had a severe somatoform disorder. (Dkt. No. 29 at 34.) The Court finds this argument unpersuasive for the following reasons.

First, the ALJ found severe impairments at Step Two including two severe mental impairments (depressive disorder and anxiety disorder) and continued the sequential evaluation. (T. 563-72.) This analysis included determining the RFC which restricted Plaintiff to low stress, simple, routine work defined as having only occasional decision-making, occasional changes in the work setting, and frequent interaction with supervisors, the public and coworkers. (*Id.* at 565.) The ALJ also made Step Five determinations. (*Id.* at 571-72.) Second, the ALJ's overall

decision reflects a detailed analysis of Plaintiff's mental impairments and related limitations as well as the objective evidence of record. (*Id*. at 563-72.) Third, within his RFC analysis, the ALJ afforded significant weight to Dr. Didio's opinion, which explicitly considered Listing 12.07 for somatic disorder. (T. 570, 1217.) For these reasons and because the ALJ found at least one other severe impairment, continued with the sequential evaluation, and provided explanation showing he adequately considered the evidence related to Plaintiff's non-severe impairments, the Court finds any error by the ALJ in failing to find Plaintiff's somatoform disorder to be severe (or in failing to explicitly classify this alleged impairment as either severe or non-severe) to be harmless.

For the reasons above, the Court finds that substantial evidence supports the ALJ's findings at Step Two. Remand is therefore not required on this basis.

### *ii.* *The ALJ's Analysis of the Listings*

"Plaintiff has the burden of proof at step three to show that her impairments meet or medically equal a Listing." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009) (citing *Naegele v. Barnhart*, 433 F. Supp. 2d 319, 324 (W.D.N.Y. 2006)). "To meet a Listing, Plaintiff must show that her medically determinable impairment satisfies all of the specified criteria in a Listing." *Rockwood*, 614 F. Supp. 2d at 272 (citing 20 C.F.R. § 404.1525(d)). "If a claimant's impairment 'manifests only some of those criteria, no matter how severely,' such impairment does not qualify." *Rockwood*, 614 F. Supp. 2d at 272 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L.Ed.2d 967 (1990)). Additionally, a court may uphold an ALJ's finding that a claimant does not meet a Listing even where the decision lacks an express rationale for that finding if the determination is supported by substantial evidence. *Rockwood*, 614 F. Supp. 2d at 273 (citing *Berry*, 675 F.2d at 468).

To meet Listing 12.06 for anxiety and obsessive-compulsive disorders, a claimant has to establish the criteria of paragraphs A and B or the criteria of paragraphs A and C. 20 C.F.R. § 404, Subpart P, App. 1, Listing 12.06. The paragraph A criteria entails medical documentation of anxiety disorder, panic disorder or agoraphobia, or obsessive-compulsive disorder while paragraph B requires extreme limitation of one area or a marked limitation of two areas of mental functioning, which include (1) understanding, remembering or applying information, (2) interacting with others, (3) concentrating, persisting or maintaining pace, and (4) adapting or managing oneself. *Id*. Paragraph C requires a medically documented history of the existence of the disorder over a period of at least two years, with evidence of both (a) medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of the mental disorder; and (b) marginal adjustment, that is, minimal capacity to adapt to changes in environment or to demands that are not already part of daily life. *Id*.

To meet Listing 12.07 for somatic symptom and related disorders, a claimant has to establish the criteria of both paragraphs A and B. 20 C.F.R. § 404, Subpart P, App. 1, Listing 12.07. Paragraph A entails medical documentation of one or more of the following:

> 1. Symptoms of altered voluntary motor or sensory function that are not better explained by another medical or mental disorder;
> 2. One or more somatic symptoms that are distressing, with excessive thoughts, feelings, or behaviors related to the symptoms; or
> 3. Preoccupation with having or acquiring a serious illness without significant symptoms present.

*Id*. Paragraph B again requires extreme limitation of one area or a marked limitation of two areas of mental functioning. *Id*.

Plaintiff argues she is disabled under Listing 12.07 by her somatoform disorder because she meets the A criteria for somatoform disorders and the evidence from Dr. Kokernot and Ms. Stowe supports a conclusion that she also meets or equals the B criteria of the Listing. (Dkt. No. 29 at 30-34.) Plaintiff also argues she is disabled under Listing 12.06 by her anxiety disorder. (*Id.* at 34-35.) The Court finds these arguments unpersuasive for the following reasons.

The ALJ's decision includes careful consideration of Listings 12.04 and 12.06, explicitly considering whether the paragraph B criteria were satisfied. (T. 563-64.) To that end, the ALJ found that Plaintiff has a mild-to-moderate limitation in understanding, remembering or applying information, mild limitation in interacting with others, moderate limitation with regard to concentrating, persisting or maintaining pace, and moderate limitation in adapting or managing oneself. (*Id.*) The ALJ indicated these findings were based on Dr. Didio's opinion and subsequently indicated in his RFC analysis that he had afforded significant weight to Dr. Didio's opinion. (T. 570, 1212-19.) Indeed, Dr. Didio's opinion indicates mild-to-moderate limitations in the ability to understand, remember, and carry out complex instructions and make judgments on complex work-related decisions; mild limitations in the ability to interact appropriately with the public; mild-to-moderate limitations in the ability to interact appropriately with supervisors and coworkers; moderate limitations in the ability to respond appropriately to usual work situations and changes in a routine work setting; none-to-mild limitations in understanding, remembering or applying information; mild-to-moderate limitations in interacting with others and concentrating, persisting or maintaining pace; and mild limitations in adapting or managing oneself. (T. 1212-13, 1216.) The ALJ also indicated in his analysis that the evidence failed to establish the presence of the paragraph C criteria. (T. 564-65.)

Further, the ALJ relied on Dr. Didio's opinion in assessing Plaintiff's mental limitations and that opinion explicitly considered Listings 12.06 and 12.07, ultimately indicating Plaintiff did not meet or medically equal the requirements of either listing. (T. 1217.) In assessing Listing 12.06, Dr. Didio noted Plaintiff had anxiety disorder with restlessness and difficulty concentrating and panic disorder or agoraphobia characterized by panic attacks and disproportionate fear or anxiety about at least two different situations within the paragraph A criteria, but no extreme or marked limitations in the areas of mental functioning as required by paragraph B. (T. 1217.) Turning to Listing 12.07, Dr. Didio noted Plaintiff had two aspects of the paragraph A criteria, but again did not meet the requirements of paragraph B. (*Id.*)

For the reasons outlined above, the ALJ's analysis of Plaintiff's impairments regarding Listings 12.06 and 12.07 is supported by substantial evidence. Remand is therefore not required on these bases.

**B.      Substantial Evidence Supports the ALJ's Analysis of the Opinion Evidence and Plaintiff's RFC**

RFC is defined as "'what an individual can still do despite his or her limitations . . .. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45 52 (2d Cir. 1999) (internal citations omitted). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 11-CV-0927 (ESH), 2012 WL

7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting SSR 85-15, 1985 WL 56857, at *8). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

When assessing a claimant's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability. *See also Frey ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 14-CV-0063 (MAD), 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks omitted).

The Second Circuit has long recognized the 'treating physician rule' set out in 20 C.F.R. §§ 404.1527(c), 416.927(c). "'[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). However, there are situations where the treating physician's opinion is not entitled to controlling weight, in which case the ALJ must "explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.'"

*Greek*, 802 F.3d at 375 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)).  The factors for considering opinions from non-treating medical sources are the same as those for assessing treating sources, with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant.  20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6).

### i.      *The Opinion Evidence*

The ALJ indicated that the RFC was supported by Plaintiff's daily activities, the opinions of Dr. Oommen, Dr. Racine and Dr. Didio, and benign findings on examination.  (T. 571.)  As indicated above, the ALJ afforded significant weight to Dr. Didio's opinion wherein he found Plaintiff can perform low stress work including low level, simple, repetitive work tasks with regular and frequent contact with others, and noted that Dr. Didio's opinion was supported by his examination of the record and his specialized knowledge of the Social Security regulations.  (T. 570, 1212-19.)

The ALJ afforded little weight to Ms. Stowe's opinion, which indicated mild limitations in the ability to understand, remember, and carry out simple instructions; moderate limitations in the ability to make judgments on simple, work-related decisions, understand, remember and carry out complex instructions, and make judgments on complex work-related decisions; and marked limitations in the ability to interact appropriately with the public, supervisors and coworkers and respond appropriately to usual work situations and changes in a routine work setting.  (T. 570-71, 1221-22.)  The ALJ noted the opined marked limitations were not supported by Plaintiff's own testimony regarding her ability to socialize.  (T. 570-71; 587-89.)

The ALJ afforded little weight to Dr. Liotta's opinion, noting that Dr. Liotta determined Plaintiff's ability to attend and concentrate was variable and she had some risk for deterioration.

(T. 556, 571.) In accordance with the progress notes of the providers at Clinton County Mental Health, the ALJ indicated that Plaintiff's concentration and memory skills improved with treatment. (T. 571, 886-998.)

The ALJ afforded significant weight to Dr. Oommen's opinion indicating a moderate restriction for standing and walking, no limitation with sitting, and moderate limitations in the ability to lift and carry. (T. 547, 571.) The ALJ indicated Dr. Oommen's opinion was supported by Dr. Racine's opinion, which determined Plaintiff had no limitations in sitting, standing, walking, lifting, or carrying. (T. 545, 571.) The ALJ also noted Dr. Oommen and Dr. Racine were Plaintiff's treating physicians, they had extensive histories of treating Plaintiff, and their treatment records supported the limitations they placed on her. (T. 571.)

ii.    *The Court's Analysis*

Plaintiff argues the ALJ erred by giving too much weight to the opinions of Dr. Racine and Dr. Didio and not enough weight to the opinions of Dr. Liotta and Ms. Stowe or the treatment notes from Dr. Kokernot and Ms. Stowe. (Dkt. No. 29 at 35-42.) Plaintiff also argues the ALJ erred by not fully considering Dr. Kokernot's opinion. (*Id.* at 41.) The Court finds these arguments unpersuasive for the following reasons.

The ALJ considered the opinion evidence in accordance with 20 C.F.R. §§ 404.1527 and 416.927. (T. 569.) His overall decision reflects a detailed consideration of the various opinions of record as well as the medical evidence, Plaintiff's testimony, and her activities of daily living. (T. 565-71.) The ALJ provided numerous, specific reasons for the various weights afforded to the multiple opinions of record including, for example, that Dr. Didio's opinion was supported by the medical records overall, while Ms. Stowe's opinion and Dr. Liotta's opinion were not. (T. 570-71.)

16

It was within the ALJ's purview to review all the evidence before him (including the various opinions of record), resolving any inconsistencies therein, and making a determination consistent with the evidence as a whole.  *See Bliss v. Colvin*, 13-CV-1086 (GLS/CFH), 2015 WL 457643, at *7 (N.D.N.Y., Feb. 3, 2015) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *Petell v. Comm'r of Soc. Sec.*, 12-CV-1596 (LEK/CFH), 2014 WL 1123477, at *10 (N.D.N.Y., Mar. 21, 2014) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *see also Quinn v. Colvin*, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016) ("'Although [an] ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he [is] entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole.'") (quoting *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)); *West v. Comm'r of Soc. Sec.*, 15-CV-1042 (GTS/WBC), 2016 WL 6833060, at *5 (N.D.N.Y. Oct. 18, 2016), *Report and Recommendation adopted by* 2016 WL 6833995 (N.D.N.Y. Nov. 18, 2016) (citing *Matta*, 508 F. App'x at 56).  Further, the ALJ was entitled to rely on Dr. Didio's opinion as a qualified expert in the field of social security disability.  *Frey*, 485 F. App'x at 487; *Little*, 2015 WL 1399586, at *9.

Moreover, as Defendant has noted, Dr. Kokernot did not provide an opinion as to Plaintiff's functional limitations, but the ALJ did consider Dr. Kokernot's treatment notes.  (Dkt. No. 30 at 16; T. 568-69, 886-998.)  Plaintiff's argument that the ALJ did not fully consider Dr. Kokernot's opinion is therefore not persuasive.  (Dkt. No. 29 at 35, 41.)

Finally, the Court's review of the record and the ALJ's overall decision do not support Plaintiff's argument that she is disabled by her combination of mental illness, pain, and obesity.

(Dkt. No. 29 at 42-44.)  As indicated in Section III.A. of this Decision and Order, substantial evidence supports the ALJ's analysis of Plaintiff's impairments and the listings.  The Court will not now reweigh evidence which was before the ALJ.  *See Warren v. Comm'r of Soc. Sec.*, 15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing . . . .  [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'"), *Report and Recommendation adopted by* 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health & Human Services*, 705 F.2d 638, 642 (2d Cir. 1983)); *Lewis v. Colvin*, 122 F. Supp. 3d 1, 7 (N.D.N.Y. 2015) (noting that it is not the role of a court to "re-weigh evidence" because "a reviewing court 'defers to the Commissioner's resolution of conflicting evidence' where that resolution is supported by substantial evidence) (quoting *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); citing *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009)).

For the reasons outlined above, the ALJ's analysis of the medical opinions and the resulting RFC are supported by substantial evidence.  Remand is therefore not required on these bases.

### C.     Substantial Evidence Supports the ALJ's Evaluation of Symptoms

In evaluating a plaintiff's RFC for work in the national economy, the ALJ must take the plaintiff's reports of pain and other symptoms into account.  *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).  The ALJ must "'carefully consider'" all the evidence presented by claimants

regarding their symptoms, which fall into seven relevant factors including 'daily activities' and the 'location, duration, frequency, and intensity of [their] pain or other symptoms.'" *Del Carmen Fernandez v. Berryhill*, No. 18-CV-326, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019) (citing 20 C.F.R. § 404.1529(c)(3); Social Security Ruling (SSR) 16-3p, *Titles II and XVI: Evaluation of Symptoms in Disability Claims*, 81 FR 14166-01 at 14169-70, 2016 WL 1020935 (Mar. 16, 2016)). In 2016, the Commissioner eliminated the use of the term "credibility" from the "sub-regulatory policy" because the regulations themselves do not use that term. SSR 16-3p, 81 FR at 14167. Instead, symptom evaluation tracks the language of the regulations.[5] The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged . . .." 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b). If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work.'" *Barry v. Colvin*, 606 F. App'x 621, 623 (2d Cir. 2015) (citing inter alia 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original).[6]

---

[5]    The standard for evaluating subjective symptoms has not changed in the regulations. Rather, the term "credibility" is no longer used, and SSR 16-3p makes it clear that the evaluation of the claimant's symptoms is not "an evaluation of the claimant's character." 81 FR at 14167. The court will remain consistent with the terms as used by the Commissioner.

[6]    The court in *Barry* also cited SSR 96–7p, 1996 WL 374186, at *2 (July 2, 1996) which was superseded by SSR 16-3p. As stated above, the factors considered are the same under both rulings. The 2016 ruling has removed the emphasis on "credibility."

If the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ must provide specific reasons for the determination. *Cichocki v. Astrue*, 534 F. App'x at 76. However, the failure to specifically reference a particular relevant factor does not undermine the ALJ's assessment as long as there is substantial evidence supporting the determination. *Id.; see also Del Carmen Fernandez v. Berryhill*, 2019 WL 667743 at *11 (citing *Rousey v. Comm'r of Soc. Sec.*, 285 F. Supp. 3d 723, 744 (S.D.N.Y. 2018)). "[R]emand is not required where 'the evidence of record allows the court to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 534 F. App'x at 76 (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

Here, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence. (T. 570.) Plaintiff argues the ALJ erred by not crediting her testimony and not sufficiently explaining what evidence supported his negative evaluation of her symptoms and contends her testimony was consistent with the medical records. (Dkt. No. 29 at 44-48.)

Plaintiff also argues the ALJ erred by not considering her well-documented somatoform disorder in evaluating her symptoms and assessing her credibility. (*Id*. at 48, n. 16.) The Court finds these arguments unpersuasive for the following reasons.

The ALJ's decision contains a thorough review and discussion of the evidence of record to support his indication that he found limited substantive support of disabling symptomology. (T. 563-71.) Further, the ALJ provided sufficient reasoning for his evaluation of Plaintiff's symptoms including medical treatment records showing limited clinical and diagnostic findings, and Plaintiff's testimony as to her daily activities, all of which support the conclusion she can perform sedentary work. (T. 427-39, 570, 587-89.)

As discussed in Sections III.A. and III.B. of this Decision and Order, the ALJ adequately considered Plaintiff's alleged mental impairments and related limitations throughout the sequential evaluation. (T. 563-71.) Thus, the Court finds any error by the ALJ in not explicitly referencing Plaintiff's alleged somatoform disorder in evaluating her symptoms and discussing her credibility to be harmless.

For the reasons above, the Court finds the ALJ's evaluation of Plaintiff's symptoms and credibility is supported by substantial evidence. Remand is therefore not required on this basis.

### D. The ALJ Complied with the Appeals Council Remand Order

Plaintiff argues the ALJ erred by not complying with the remand order of the Appeals Council because the ALJ did not find RFC support in the record as a whole. (Dkt. No. 29 at 49.) Plaintiff notes the Appeals Council held that the original ALJ's decision did not contain an evaluation of her mental limitations as articulated by Dr. Liotta, apparently arguing that the ALJ failed to evaluate Dr. Liotta's opinion. (*Id*.) The Court does not find this argument persuasive. As indicated by Defendant, the ALJ did properly consider and assign weight to Dr. Liotta's

opinion and continued with the sequential evaluation through Step Five.  (T. 568-72; Dkt. No. 30 at 19.)  As discussed in Section III.B. of this Decision and Order, the ALJ's RFC finding and his analysis of the opinion evidence are supported by substantial evidence.

Finally, Plaintiff argues that this Court should remand for payment of benefits.  (Dkt. No. 29 at 34, 48-49.)  For the reasons set forth above, the Court finds that remand is not required for further consideration or for payment of benefits.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 29) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 30) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **<u>AFFIRMED</u>**, and it is further

**ORDERED** that Plaintiff's Complaint is **<u>DISMISSED</u>**.

Dated:  March 14, 2019
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge